IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TROY C. MCDONALD,** *et al.*,    )<br>           **Plaintiffs,**                                )<br>                                                             )<br>**v.**                                                       )<br>                                                             )<br>**SANTANDER CONSUMER USA, INC.,** )<br>*et al.*,                                                 )<br>           **Defendants.**                            ) | **CIVIL ACTION: 1:21-00271-KD-N** |

**ORDER**

This matter is before the Court on Plaintiffs' "Notice of Settlement of Claims against Defendant Transunion LLC," through which Plaintiffs notify the Court that a settlement has been reached with said defendant and that per same, voluntary dismissal of their claims against Transunion, with prejudice, is requested.  (Doc. 59).

The Court construes these parties' Notice as a Fed.R.Civ.P. Rule 41(a)(2) voluntary motion to dismiss all of the Plaintiff's claims against Transunion, in this case.   Pursuant to Federal Rule of Civil Procedure Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper[]" if Rule 41(a)(1) does not apply (as is the case here).  Additionally, a plaintiff may dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant[]").

Therefore, upon consideration of the motion and pursuant to Fed.R.Civ.P. Rule 41(a)(2), it is **ORDERED** that Defendant Transunion, LLC is **DISMISSED with prejudice** from this action subject to the right of either Plaintiffs or said defendant to reinstate the action against said

1

defendant **within thirty (30) days** of the date of this Order should the settlement agreement not be consummated. Said parties shall bear his, her, or its own costs, expenses, and attorneys' fees, in accordance with the terms of the settlement agreement.

Nothing herein shall be construed as dismissing Plaintiffs' claims against the remaining defendants.

**DONE** and **ORDERED** this the **25th** day of **March 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**